# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE S. ORTIZ, | Case No. 1:11-cv-00064-SKO |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | (Doc. 19) |
| Defendant. | |

## I. INTRODUCTION

On April 10, 2014, counsel for Plaintiff, Shanny Lee, Esq., filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 19.) The Commissioner filed a Statement of Non-Opposition to the request on April 23, 2014. (Doc. 31.) *See generally Grisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). For the reasons set forth below, Mr. Lee's motion for an award of attorney's fees is GRANTED.

## II. BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying her claim for disability benefits under the Social Security Act. (Doc. 1.) On February 24, 2012, the Court ordered that the Administrative Law Judge's ("ALJ") decision be

reversed and the case be remanded. (Doc. 14.) The parties filed a stipulation for an award of Equal Access to Justice Act ("EAJA") fees in the amount of $4,250, which was approved by the Court. (Doc. 17.) In addition, by two separate Orders the Social Security Administration awarded Mr. Lee a total of $12,500 in attorney's fees under section 42 U.S.C. § 406(a). (Doc. 19-7.)

Mr. Lee now seeks an award of attorney's fees in the amount of $13,986.50 pursuant to section 406(b). Mr. Lee filed a declaration in support of the motion for attorney's fees stating that, on remand, a decision was issued on May 30, 2013, finding Plaintiff disabled since August 15, 2005. (Doc. 19-2, 3). On July 19, 2013, the Commissioner issued a notice that retroactive Supplemental Security Income benefits would be awarded to Plaintiff in the amount of $105,946, and $26,486.50 would be withheld from Ms. Ortiz' past-due benefits for attorney's fees. (Doc. 19-2, 3; Doc. 19-6, 3.) It is Mr. Lee's Section 406(b) motion for attorney's fees, seeking the balance of funds withheld by the Commissioner, which is currently pending before the Court.

### III. DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides the following in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Grisbrecht*, 535 U.S. at 802). The Commissioner has standing to challenge the award even though the Section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Grisbrecht*, 535 U.S. at 807. The goal of fee awards under

Section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), abrogated on other grounds in *Grisbrecht*, 535 U.S. at 807.

The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford*, 586 F.3d at 1148 (holding that Section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, the fee agreement between Plaintiff and her counsel provides for a fee consisting of "25% of the past-due benefits due me and my family pursuant to 42 U.S.C. §406." (Doc. 19-3.) The Court has considered the character of counsel's representation of Plaintiff and the results achieved by counsel. Plaintiff's counsel presents billing records indicating that he expended 27.2 hours on the appeal before this Court. (Doc. 19-4.) There is no indication that a reduction of the

award is warranted due to any substandard performance by Mr. Lee; counsel secured a successful result for Plaintiff.  There is also no evidence that Mr. Lee engaged in any dilatory conduct resulting in excessive delay.  Attorney's fees in the amount of $13,986.50 bring Mr. Lee's payment to 25% of the past-due benefits paid to Plaintiff, and are not excessive in relation to the past-due award.  *See generally Taylor v. Astrue*, No. 1:06-cv-00957-SMS, 2011 WL 836740, at *2 (E.D. Cal. Mar. 4, 2011) (granting petition for an award of attorney's fees pursuant to Section 406(b) in the amount of $20,960.00)); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending an award of attorney's fees pursuant to Section 406(b) in the amount of $34,500.00)); *Logan-Laracuente v. Astrue*, No. 1:07-cv-00983-SMS, 2010 WL 4689519, at *2 (E.D. Cal. Nov. 10, 2010) (granting petition for attorney's fees pursuant to Section 406(b) in the amount of $23,558.62)).

In determining that attorney's fees of $13,986.50 are not excessive in relation to the past-due award,[1] the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms.  *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'"  (quoting *Grisbrecht*, 535 U.S. at 807)). Further, counsel has submitted a detailed billing statement in support of the requested fee, which has been reviewed by the Court.

An award of Section 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA.  28 U.S.C. § 2412; *Grisbrecht*, 535 U.S. at 796.  Plaintiff's counsel has already been awarded $4,250 in fees pursuant to the EAJA, and thus the Section 406(b) fees awarded by this order must be offset by $4,250 and that amount must be refunded to Plaintiff.

---

[1] The Court recognizes that § 406(b) limits only the amount of attorney's fees awarded under § 406(b), and not the combined fees awarded under both § 406(a) and § 406(b). *Clark v. Astrue*, 529 F.3d 1211, 1213 (9th Cir. 2008). Here, Plaintiff's counsel requests fees which, when added to those previously granted pursuant to § 406(a), total 25% of the past due benefits awarded Plaintiff, pursuant to the fee agreement.

## IV.  CONCLUSION AND ORDER

For the reasons stated above, the Court concludes the fees sought by Mr. Lee pursuant to Section 406(b) are reasonable.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's counsel's motion for an award of attorney's fees pursuant to Section 406(b) in the amount of $13,986.50 be GRANTED; and
2. Plaintiff's counsel shall refund to Plaintiff $4,250 of the Section 406(b) fees awarded as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated:   **May 7, 2014**                                /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE